**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5136**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BARBARA MEAD,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, District Judge. (1:06-cr-00315-MBS-3)

Submitted:  May 28, 2008        Decided:  June 16, 2008

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, James C. Leventis, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Mead pled guilty to conspiracy to manufacture, possess with intent to distribute, and to distribute 50 grams or more of a mixture or substance containing methamphetamine, 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), 846 (West 1999 & Supp. 2007), and manufacturing and attempting to manufacture methamphetamine, which created a substantial risk to human life, 21 U.S.C. § 858 (2000). The district court sentenced her to 235 months of imprisonment. She appeals her sentence, contending that it is unreasonable. Finding that the district court did not abuse its discretion in determining and imposing Mead's sentence, we affirm.

While released on bond pending sentencing, Mead absconded to Nevada and, while there, was charged with first degree murder. She pled guilty to accessory to first degree murder and was sentenced to 24 to 60 months' imprisonment based on her conduct of aiding the principal in the concealment of the body of Cynthia Delgado so that it would not be discovered. Also, while on release, Mead tested positive for marijuana and methamphetamine, she did not follow up with the drug treatment that was ordered as a condition of her release, and she moved to Nevada without notifying the Probation Office of her new address.

At sentencing, Mead objected to the probation officer's recommendation that she not be given a reduction for acceptance of responsibility and that her criminal history category was II,

resulting in an advisory guideline range of 235 to 293 months. The district court overruled her objections, considered the relevant sentencing factors in 18 U.S.C. § 3553(a) (West 2000 & Supp. 2007), and determined that a sentence of 235 months was appropriate. On appeal, Mead contends that the sentence was unreasonable in light of her personal circumstances and when compared to the 108-month sentence her co-defendant received.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in § 3553(a); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). This presumption can be rebutted only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

The district court properly calculated Mead's advisory guideline range at 235 to 293 months. The court also properly declined to reduce her sentence based on acceptance of responsibility. Among the factors considered in determining whether a defendant has accepted responsibility are whether the defendant has voluntarily withdrawn from criminal conduct or associations and her post offense rehabilitation efforts. USSG § 3E1.1, comment. (n.1(b), (g)).[1] Here, although Mead pled guilty and cooperated with officials, she continued to use drugs, she failed to comply with the drug treatment that was ordered as a condition of her release, she left the state without notifying the probation officer, and she was engaged in further criminal conduct resulting in her conviction for being an accessory after the fact to murder. The district court's determination that Mead did not warrant the acceptance of responsibility reduction is entitled to great deference, see USSG § 3E1.1, comment. (n.5); United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007), and Mead failed to meet her burden of showing that this reduction was warranted. USSG § 3E1.1(a); see United States v. Underwood, 970 F.2d 1336, 1339 (4th Cir. 1992) (upholding denial of reduction where defendant continued to use drugs after entering guilty plea).

---

[1]U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.5) (2006).

Mead also asserts that her sentence is unreasonable because it is disproportionately greater than the sentences of her co-defendants--one of whom was more culpable in the offense than she. As Mead acknowledges, this court is not required to consider sentences of co-defendants when imposing sentence. United States v. Foutz, 865 F.2d 617, 621 (4th Cir. 1989). Rather, defendants may be sentenced differently for the same offense. United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004).

Moreover, while Mead's co-defendant was comparably culpable with Mead in the instant offense, the co-defendant was a first-time offender. Mead, however, because of her conviction for accessory to murder, had a prior sentence,[2] and therefore a higher criminal history score and a higher criminal history category than her co-defendant, and a resultant higher advisory guideline range. We find that the district court did not abuse its discretion in declining to impose a variance sentence on Mead based on the sentences received by her co-defendants.

After determining the advisory guideline range, the district court considered the relevant sentencing factors in § 3553(a), and determined that a sentence within the range served

---

[2]Although the offense conduct related to the accessory to murder charge occurred after the offense conduct underlying the methamphetamine convictions, Mead was sentenced on the accessory to murder charge prior to her sentencing on the methamphetamine charges and therefore the state sentence counted as a "prior sentence" for purposes of determining her criminal history score. See USSG §§ 4A1.1(a), 4A1.2 & comment. (n.1).

those factors.  The district court then imposed a 235-month sentence, at the lowest end of the advisory guideline range, and well below the 40-year statutory maximum.  <u>See</u> 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2007).  We find that this sentence is reasonable.  <u>See</u> <u>Allen</u>, 491 F.3d at 193; <u>see also</u> <u>Rita</u>, 127 S. Ct. at 2462-69.

Accordingly, we affirm Mead's sentence.  We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>